**UNITED STATES of America**

v.

**Theodore Walter HARRIS, Jr., Appellant.**

**No. 77–1196.**

United States Court of Appeals, Third Circuit.

Argued June 8, 1977.

Decided June 27, 1977.

---

Robert C. Heim, Dechert, Price & Rhoads, Philadelphia, Pa., for appellant.

David W. Marston, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, Appellate Section, William J. Winning, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before WEIS, STALEY and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The defendant was convicted of bank robbery after a jury trial in the district court. He raises a number of issues on appeal, including his inability to obtain rough notes prepared by an F.B.I. agent at an interview with the defendant. The notes had been destroyed by the agent in accordance with Bureau policy.

At trial, an F.B.I. agent testified that the defendant admitted committing the robbery. This witness produced a two-page report on the defendant's statement and described the subsequent destruction of rough notes made during the interview from which the formal report had been prepared. At trial, defendant denied making any incriminating statement to the agents.

The defendant relies upon *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976), for the proposition that both the Jencks Act, 18 U.S.C. § 3500, and Fed.R.Crim.P. 16 require that the rough notes be preserved and be made available to the defendant.

At argument of this case, counsel for the Government stated to the court that it is now the policy of the Federal Bureau of Investigation to preserve rough notes of interviews. We accept this representation and, accordingly, do not meet the issue insofar as it affects future conduct of F.B.I. agents. *See United States v. Harrison*, 173 U.S.App.D.C. 260, 524 F.2d 421 (1975).

After a review of the defendant's contention in the light of the record, we conclude that any error was harmless. Since the defendant denied making any statement at all, we do not believe that the rough notes would have aided his position. The conflict in credibility was clear and the jurors were well aware of it. *See United States v. Harris, supra.*

Defendant also contends that the district court erred in:

1. denying defendant's motion to exclude or limit evidence of his prior bank robbery conviction and permitting cross-examination on that topic;

2. refusing to dismiss the indictment because of delay between arrest and indictment;

3. refusing to suppress the defendant's confession because it was the fruit of an illegal arrest.

We have reviewed these contentions and find them to lack merit. Accordingly, the judgment of the district court will be affirmed.