UNITED STATES of America

v.

Peter VELLA, Appellant.

No. 77–1201.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule 12(6)
September 8, 1977.

Decided Sept. 19, 1977.

Leonard G. Ambrose, III, Erie, Pa., for appellant.

Blair A. Griffith, U. S. Atty., Henry G. Barr, Asst. U. S. Atty., James J. West, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before ALDISERT, ROSENN and GARTH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

In this appeal from his conviction of conspiracy and operating an illegal gambling business in violation of federal law, 18 U.S.C. §§ 371, 1955, appellant Peter Vella contends that the district court erred in refusing to exclude the testimony of two F.B.I. agents who had destroyed the rough notes of interviews they held with Vella. Appellant claims that the written notes constituted statements producible under the Jencks Act, 18 U.S.C. § 3500, and that their destruction (a) deprived him of a full and fair opportunity to cross-examine the agents, and (b) violated the principles of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

A similar contention was made before this court in *United States v. Harris*, 560 F.2d 148 (3d Cir., 1977), in which this court stated:

At argument of this case, counsel for the Government stated to the court that it is now the policy of the Federal Bureau of Investigation to preserve rough notes of interviews. We accept this representation and, accordingly, do not meet the issue insofar as it affects future conduct of F.B.I. agents. *See United States v. Harrison*, 173 U.S.App.D.C. 260, 524 F.2d 421 (1975).

560 F.2d at 149.

█ In the present appeal, however, the government intimates that the preservation of rough interview notes is not so much a new "policy" as it is a temporary stopgap.[1]

---

1. In its brief, the government states:
   We would point out that based on the fact

that the Ninth Circuit has adopted the *Harrison* case, the FBI is now attempting to set up

We reject this approach. To avoid future misunderstandings, we specifically adopt the precepts announced in *United States v. Harrison*, 173 U.S.App.D.C. 260, 524 F.2d 421 (1975), as the law in this circuit, to-wit, the rough interview notes of F.B.I. agents should be kept and produced so that the trial court can determine whether the notes should be made available to the appellant under the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or the Jencks Act.

■ For the purposes of the present appeal, we have determined that in light of the other evidence in the record, as well as the apparent good faith administrative decision which led to the destruction of the notes, the error must be considered harmless.

Having considered this and appellant's other contention, to-wit, that the district court's findings after an *in camera* inspection of the grand jury testimony of Alfred Pilliteri and Patsy Morabito, as expressed in its January 10, 1977, memorandum order, were clearly erroneous, we conclude that the district court's judgment should stand.

The judgment of the district court will be affirmed.

---

procedures where rough interview notes will be preserved in the future. We do not urge this Court to rely on mootness as a basis for deciding this case because we believe this added burden on law enforcement is unnec-

essary and should eventually be declared such in order that resources soon to be dedicated to the preservation of rough notes can be better used.

Government Brief at 12 n.7.