509 A.2d 400

**COMMONWEALTH of Pennsylvania**

v.

**Elias REFILE, Appellant.**

Superior Court of Pennsylvania.

Argued March 13, 1986.

Filed May 19, 1986.

---

David M. McGlaughlin, Philadelphia, for appellant.

Jill R. Cohen, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

On the afternoon of September 14, 1981, Elias Refile learned that his sister's jaw had been fractured by a blow administered by Isaac Epps. Refile, together with his mother, his brother, and a friend, who armed themselves with nightsticks and a gun, set out for Epps' residence. They found him sitting on the steps of his home with his nine year old son. When Epps saw them coming, he turned to run. Refile shot him twice in the back, causing Epps' death shortly thereafter.

On January 25, 1983, Refile entered a plea of guilty to murder. Following an evidentiary hearing on the same day, the Honorable Juanita Kidd Stout found Refile guilty of murder of the first degree and sentenced him to prison for life. Three days later, on January 28, 1983, Refile filed pro

se a motion alleging that guilty plea counsel had rendered ineffective assistance. On the same day, he filed, pro se, an appeal in the Superior Court. A majority of the Superior Court panel hearing Refile's appeal—he was now represented by new counsel—remanded to permit Refile "to file a motion challenging the validity of his guilty plea."[1]

On March 5, 1985, Refile filed a motion challenging the validity of his plea of guilty. He alleged, inter alia, that counsel had misrepresented to him that his degree of guilt would rise no higher than voluntary manslaughter. He also contended that guilty plea counsel had rendered ineffective assistance at the degree of guilt hearing. On March 21, 1985, he filed a "Supplemental Motion to Withdraw Guilty Plea Pursuant to Pa.R.Crim.P. 320." He argued in support of this latter motion that he had not been given a period of ten days following the entry of his guilty plea within which to consider and file a motion to withdraw the guilty plea prior to sentencing. Therefore, he contended, he should be allowed to withdraw his plea of guilty as though his request had been made prior to sentencing. An evidentiary hearing was held, but both motions were denied. This appeal followed.

On appeal, Refile no longer argues that his plea of guilty was invalidly entered. He argues, rather, that the hearing court erred in denying his motion to withdraw the guilty plea pursuant to Pa.R.Crim.P. 320.

■ Pa.R.Crim.P. 320 provides that "[a]t any time *before sentence,* the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." (Emphasis added.) Under this Rule, " '[i]f the court finds "any just reason," withdrawal of the plea should be freely permitted, unless the prosecution has been "substantially prejudiced." ' " *Commonwealth v. Middleton,* 504 Pa. 352, 355, 473 A.2d 1358, 1359 (1984), quoting

1. The Superior Court also reviewed the evidence presented at the degree of guilt hearing and found it sufficient to support the trial court's finding that Refile had been guilty of murder of the first degree.

*Commonwealth v. Forbes,* 450 Pa. 185, 191, 299 A.2d 268, 271 (1973). A post-sentence motion to withdraw a plea pursuant to Pa.R.Crim.P. 321, on the other hand, will be granted only upon a showing of prejudice on the order of manifest injustice. *Commonwealth v. Middleton, supra.*

■ Appellant does not dispute that his request to withdraw the plea of guilty was made after sentence had been imposed. He argues, however, that he should have been permitted to proceed under the pre-sentence standards of Rule 320 because he was not given an opportunity to withdraw his guilty plea prior to the imposition of sentence. Appellant has cited no authority for the principle, implicit in his argument, that one who enters a plea of guilty *must* be given a period of ten days within which to reconsider his plea of guilty and file a motion to withdraw the plea before he can be sentenced. Our own research, similarly, has disclosed no support for such a principle of law. Rule 320 does not contain a mandatory waiting period before the imposition of sentence, and we discern no sound reason for reading the rule as implying such a requirement. Appellant's argument to the contrary is rejected.

Appellant's argument that the Supreme Court decision in *Commonwealth v. Middleton, supra,* mandates that he be permitted to withdraw his guilty plea pursuant to Rule 320 must also fail. In *Middleton,* the defendant had moved to withdraw his plea of guilty to murder after the degree of guilt hearing but prior to sentencing. The Commonwealth contended that inasmuch as the defendant had been found guilty of murder in the first degree, the imposition of sentence was a mere formality. As such, the Commonwealth contended, a motion to withdraw the plea of guilty should be deemed to have been filed after sentence had been imposed. The Supreme Court rejected this contention, observing that the imposition of sentence was not a mere formality, because the defendant had also entered pleas of guilty to robbery and conspiracy.

In the instant case, however, the motion to withdraw the plea of guilty was filed after appellant had been found guilty of murder of the first degree and after he had been sentenced to prison for life. In this case, moreover, there were no additional convictions where sentences were yet to be imposed. Appellant entered a plea of guilty to murder, was found guilty of murder of the first degree, and was sentenced to life imprisonment. He will not now be permitted to withdraw his plea of guilty unless there was prejudice in the nature of manifest injustice. Appellant has been able to show no such prejudice. His dissatisfaction with the trial court's finding regarding the degree of guilt and a fortiorori with the sentence does not constitute prejudice in the nature of manifest injustice. See: *Commonwealth v. Scoleri*, 415 Pa. 218, 202 A.2d 521 (1964); *Commonwealth v. West*, 336 Pa.Super. 180, 485 A.2d 490 (1984); *Commonwealth v. Owens*, 321 Pa.Super. 122, 467 A.2d 1159 (1983).

The order denying leave to withdraw appellant's plea of guilty to murder is affirmed.