

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2002

# Refile v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-1288

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Refile v. Vaughn" (2002). *2002 Decisions.* Paper 579.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/579

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 00-1288

ELIAS REFILE,

Appellant

v.

DONALD VAUGHN, et al.

Appellees

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil No. 96-4848
District Judge: Hon. John P. Fullam

Argued: July 16, 2002
Before: McKee, Weis & Duhe, Circuit Judges

(Opinion Filed:    September 17, 2002)

Michael J. Confusione, Esq. Argued
Hegge & Confusione
59 North Broad Street
Woodbury, NJ 08096

       Attorney for Appellant

John W. Goldsborough, Esq. Argued
Thomas W. Dolgenos, Esq.
Ronald Eisenberg, Esq.
Arnold H. Gordon, Esq.
Lynne Abraham, Esq.
Office of District Attorney
1421 Arch Street
Philadelphia, PA 19102

       Attorneys for Appellees

OPINION OF THE COURT

Per Curiam.

       Elias Refile ("Appellant") appeals a District Court order denying him habeas corpus
relief. Because his claim that his constitutional rights were violated is meritless, we AFFIRM
ruling of the District Court.

Background

       Appellant is serving a life sentence for first degree murder, imposed after he entered a
guilty plea to murder generally in Pennsylvania state court, and the trial judge fixed the deg
guilt at first degree murder.

       The record shows that Appellant's mother told him that Isaac Epps ("Epps") had hit his
sister. Appellant, along with at least two others, drove to Epps's house, bringing fist wraps,
blackjack, and a gun. Appellant and Epps fought on Epps's porch, until Appellant was injured

and retreated off of the porch toward his car. Epps also began retreating toward his house. Wh he reached the base of the porch, Appellant grabbed the gun from one of his companions and began shooting at Epps. Epps later died from two gunshot wounds.

After Appellant entered his guilty plea to murder generally (which in Pennsylvania is presumptively a plea to third degree murder), the state court conducted a hearing to determine whether the state established the elements of murder in a higher degree. The state court found proof of first degree murder and imposed the mandatory sentence of life imprisonment.

Represented by new counsel, Appellant appealed to Pennsylvania Superior Court. He challenged the sufficiency and weight of the evidence to support a first degree murder verdict and claimed that trial counsel had rendered ineffective assistance. The Superior Court found merit to the sufficiency and weight claims, but remanded for an evidentiary hearing on Appellant's ineffectiveness claim. The court also granted Appellant permission to challenge th validity of his plea. Commonwealth v. Refile, 339 Pa. Super. 618, 488 A.2d 1167 (1984). On remand, Appellant's ineffective assistance claims were rejected, and the Pennsylvania Supreme Court denied appeal.

Appellant then took a second appeal to the Superior Court, claiming that the trial court should have analyzed his motion to withdraw his plea under a relaxed, pre-sentence standard. The court rejected that claim and affirmed the order. Commonwealth v. Refile, 353 Pa. Super. 190, 509 A.2d 400 (1986). The Pennsylvania Supreme Court denied appeal. Commonwealth v. Refile, 518 Pa. 655, 544 A.2d 1342 (1988).

Appellant next filed a pro se petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. 9541-9546. A new attorney filed an amended petition on his behalf , seeking also to relitigate ineffective assistance of trial counsel. The court held an evidentiary hearing and denied the petition. Appellant appealed to the Superior Court and the Superior Court affirmed the denial of relief. Commonwealth v. Refile, 441 Pa. Super. 671, 657 A.2d 52 (1994). The state Supreme Court denied appeal. Commonwealth v. Refile, 541 Pa. 651, 664 A.2d 540 (1995).

Appellant then filed this federal habeas petition in which he challenged the validity of guilty plea and ultimate conviction for first degree murder, and asserted that the performance his trial counsel did not rise to constitutional standards and prejudiced him by resulting in conviction for first degree murder, rather than a lower degree. The Magistrate Judge recommended denial of his petition. Appellant filed objections and requested oral argument.

The District Court heard oral argument. It acknowledged flaws in the prosecution, and that the facts could justify a lesser degree conviction, but concluded that those defects were harmless given subsequent state court proceedings. The District Court granted a Certificate of Appealability and this appeal followed.

## Analysis

In reviewing the denial of a petition for habeas corpus, we exercise plenary review over district court's legal conclusions, and apply a clearly erroneous standard to factual findings dispute. Werts v. Vaughn, 228 F.3d 178, 191 (3d Cir. 2000).

Federal habeas relief should be granted where the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal as determined by the United States Supreme Court, or (2) resulted in a decision that was based an unreasonable determination of the facts in light of the evidence presented in the state cou proceeding. 28 U.S.C. 2254(d).

Appellant contends that his guilty plea proceeding was structurally flawed because the trial court purportedly found him guilty of first degree murder "without any trial or evidenti hearing in which the Commonwealth established the elements of that offense beyond a reasonable doubt." He argues that by accepting the facts as stipulated, the District Court deprived him of a trial on the issue of degree of guilt and thus violated his constitutional r However, in Pennsylvania, nothing prevents a criminal defendant pleading guilty to murder from stipulating to the facts for purposes of determining the degree of guilt. See Commonwealth v. Lewis, 791 A.2d 1227 (Pa. Super. (2002) (accepting stipulation of facts in hearing for defenda who had pled nolo contendere to murder); Cappiarolla v. Zimmerman, 1990 WL 124930 (E.D. Pa. 1990) (same, with defendant who pled guilty to murder). Evidentiary stipulation in degree guilt hearings in cases with guilty pleas does not violate the Constitution. See Meyers v. Gil 93 F.3d 1147, 1151-52 (3d Cir. 1996).

Appellant stipulated to facts that a reasonable trier of fact could find sufficient to su a conviction of first degree murder. He then was allowed to offer the testimony of his sister presumably to demonstrate passion or provocation to support a reduction in degree of guilt to

manslaughter.  Appellant's claim that the proceeding was constitutionally flawed is meritless.

Appellant also contends that his guilty plea counsel was ineffective. To demonstrate that his counsel did not rise to constitutional standards,  Appellant must show both that counsel's performance was objectively unreasonable and that the deficient performance was prejudicial to his defense.  Strickland v. Washington, 466 U.S. 668, 669, 104 S. Ct. 2052, 205 80 L. Ed.2d 674  (1984).  Judicial evaluation of counsel's performance must be deferential, and the court must make every effort to avoid the distorting effects of hindsight.  Id.

To overturn the state court's finding that Appellant's counsel was not ineffective, we must find that the state court reached its decision in contravention or misapplication of the standard for ineffective counsel set out in Strickland or by an unreasonable determination of facts in light of the evidence presented. We defer to state court findings of fact, Berryman v Morton, 100 F.3d 1089, 1094 (3d Cir. 1996), including the state court's determination of witnesses' credibility,  Thompson v. Keohane, 516 U.S. 99, 110, 116 S. Ct. 457, 464 (1995), although the state court's determination of ineffectiveness is a mixed question of law and fac and therefore is accorded a lesser degree of deference.  Strickland, 466 U.S. 668, 698, 104 S. 2052, 2070.

In arguing that his guilty plea counsel was ineffective, Appellant points to three aspect counsel's performance.  First, counsel did not present the testimony of Appellant's mother, Shirley, Appellant's brother, Keith, or of Appellant himself at the plea proceeding.  In heari their testimony at later evidentiary hearings, the state court determined that Shirley Refile not credible and that testimony offered by Appellant and by Keith Refile served only to suppor conviction for first degree murder.  We agree with the state court finding that counsel's deci not to present these witnesses at the guilty plea proceeding was a reasonable exercise of counsel's professional judgment.

Appellant argues that his counsel should have objected to the prosecution's summary of the events leading to Mr. Epp's death.  However, the state court found that Appellant's versio the facts did not negate its previous finding of first degree murder.  Thus, the choice by Appellant's counsel not to object, regardless of reasonableness, did not prejudice Appellant.

Finally, the state court rejected as rising to the "heights of incredulity" the Appellant testimony that his guilty plea attorney promised a conviction no greater than third degree mur   We accept this determination of Appellant's credibility as reasonable given the evidence presented.

We hold that the state court in rejecting Appellant's ineffective counsel claim neither contradicted Strickland nor made an unreasonable determination of the facts based on the evidence presented.

We find no violation of Appellant's rights; therefore, we need not reach the prejudice requirement for habeas relief.

Conclusion

Because Appellant's allegations of constitutional rights violations lack merit, we AFFIRM the district court's denial of habeas relief.