J-S60044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KENNETH WANAMAKER JR. | |
| Appellant | No. 1484 EDA 2015 |

Appeal from the Judgment of Sentence April 17, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001141-2015

_____

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KENNETH WANAMAKER JR. | |
| Appellant | No. 1493 EDA 2015 |

Appeal from the Judgment of Sentence April 17, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002466-2014

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 02, 2015**

Kenneth Wanamaker, Jr. appeals from the judgment of sentence entered on April 17, 2015, in the Court of Common Pleas of Northampton County, following his negotiated guilty plea to one count of recklessly

endangering another person (REAP) and one count of false swearing.[1]  In this timely appeal, Wanamaker claims his plea was involuntary because he was not properly apprised of the nature and elements of the charges against him, and the court erred in denying his post-sentence request to withdraw his plea.  Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

We begin by noting that:

> When reviewing a trial court's denial of a motion to withdraw a plea of [guilty], we will not disturb the court's decision absent an abuse of discretion.

*Commonwealth v. Lewis*, 791 A.2d 1227, 1232 (Pa. Super. 1992) (quotations and citation omitted).

Additionally,

> An attempt to withdraw a plea of guilty after sentencing will only be granted where the defendant is able to show that his plea was the result of manifest injustice. Pa.R.Crim.P. 321; *Commonwealth v. Refile*, 353 Pa. Super. 190, 509 A.2d 400 (1986), *alloc. denied,* 518 Pa. 655, 544 A.2d 1342 (1988). To establish manifest injustice, [a defendant] must show that his plea was involuntary or was given without knowledge of the charge. *Commonwealth v. Fenton*, 388 Pa. Super. 538, 566 A.2d 260 (1989).

*Commonwealth v. Holbrook*, 629 A.2d 154, 158 (Pa. Super. 1993).

The underlying facts of this case are quite detailed and have been gleaned from a variety of documents found in the certified record.  On

---

[1] 18 Pa.C.S. §§ 2705 and 4903(a)(1), respectively.

February 26, 2014, R.W., Wanamaker's five-year old daughter, was taken to see Dr. Ryan McGuire, DDS. The state of R.W.'s mouth was extreme. R.W., an otherwise healthy child, had 20 teeth, 16 of which needed some form of treatment. Findings of Fact (FF) #10.[2] Ultimately, seven of R.W.'s teeth were extracted; three root canals and five pulpectomies were performed. FF #11. Three teeth were abscessed, two of those having nothing left of the tooth except the root tip. FF #12. In two teeth, the infection had spread outside of the tooth, leading to bone decay. FF #13. Dr. McGuire was concerned the oral disease could lead to systemic infection, affecting other organ systems. FF #9. In addition to the above problems, an expert report authored by Dr. McGuire noted that upon her first visit, R.W. suffered from severe early childhood caries[3] and multiple draining abscesses were visualized. *See* Report, 11/24/2014, at 2. The report noted that Jessica Hoffman,[4] who brought R.W. to the dentist, was informed of the serious nature of the problems as well as the significant dangers if treatment was not administered. *Id*. at 2-3. These risks included "disease progression, pain, localized and systemic infections, loss of function (e.g., the inability to chew, speak and smile), and hospitalization with administration of

---

[2] All findings of fact are taken from the Opinion Sur Omnibus Pretrial Motions, 2/5/2015, McFadden, J.

[3] Caries is the microbial destruction or necrosis of teeth.

[4] Hoffman is Wanamaker's paramour and R.W.'s mother.

intravenous antibiotics. Ms. Hoffman was also informed that there have been several reported cases of death due to untreated dental decay." *Id*. at 3. Surgical intervention for R.W. was scheduled for March, but cancelled by her parents. A second visit in June, 2014, revealed disease progression. At this time, the case was reported to the proper authorities.

Wanamaker and Hoffman were both charged with endangering the welfare of a child (EWOC) as a first-degree misdemeanor. Given the ongoing nature of neglect, the charge was amended to a third-degree felony. A condition of Wanamaker's bail was that he attend inpatient rehabilitation.[5] However, the trial court became aware that Wanamaker might not have fulfilled that obligation. To investigate that possibility, a bail revocation hearing was held. At that hearing, Wanamaker testified he had appeared at the White Deer Run rehabilitation facility for inpatient treatment and had paid for inpatient treatment. *See* N.T. Bail Revocation Hearing, 12/9/2014. However, that testimony was demonstrably false. At the end of the bail revocation hearing, Wanamaker and the court were informed that the Commonwealth would be investigating the feasibility of bringing perjury charges based upon "the shear level of misrepresentations that have been stated." *Id*. at 58. The certified record further reflects that sometime prior to a February 20, 2015 pre-trial conference, each defendant was given an

---

[5] This appears to be drug and/or alcohol rehabilitation.

offer to plead to a single count of REAP, and both defendants had declined the offer. *See* N.T. Pre-Trial Conference, 2/20/2015, at 17. At a subsequent pre-trial conference held on March 19, 2015, Wanamaker indicated he would accept the offer to pled to a single count of REAP, but Hoffman would not. *See* N.T. Pre-Trial Conference, 3/19/2015, at 8. Another pre-trial conference was scheduled for April 17, 2015, at which time Wanamaker accepted the plea offer, now also including an agreement to plead guilty to false swearing.[6] Following an oral colloquy, but no written plea agreement, the plea was accepted by the trial court and Wanamaker received an aggregate sentence of 38 days to 18 months' incarceration to be followed by months of probation. Wanamaker was immediately paroled. Five days later, Wanamaker filed a motion to withdraw his guilty plea, claiming manifest injustice in that the nature of the charges was not explained to him.[7]

---

[6] The certified record does not indicate the disposition of the charges against Hoffman.

[7] The elements of each crime Wanamaker pled guilty are:

> A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S. § 2705.

> (a) False swearing in official matters.--A person who makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of such a statement previously made, when

*(Footnote Continued Next Page)*

We begin by noting,

> A guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt. If a defendant voluntarily, knowingly, and intelligently wishes to acknowledge facts that in themselves constitute an offense, that acknowledgement is independent of the procedures of proving or refuting them. How they would be proved, what burdens accompany their proof, what privileges exist to avoid their proof, what safeguards exist to determine their accuracy, and under what rules they would be determined, by whom and how, are irrelevant. The defendant is before the court to acknowledge facts that he is instructed constitute a crime. He is not there to gauge the likelihood of their proof, nor to weigh them in the light of the available procedures for their proof. He is there to voluntarily say what he knows occurred, whether the Commonwealth would prove them or not, and that he will accept their legal meaning and their legal consequence.

*Commonwealth v. Watson*, 835 A.2d 786, 797 (Pa. Super. 2008), *quoting*

*Commonwealth v. Anthony*, 475 A.2d 1303, 1307-08 (Pa. 1984).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015). Additionally, "even though

*(Footnote Continued)* ─────────────

> he does not believe the statement to be true is guilty of a misdemeanor of the second degree if:
>
> (1) the falsification occurs in an official proceeding.

18 Pa.C.S. § 4903(a)(1).

there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Fluharty*, 632 A.2d 312, 315 (Pa. Super. 1993). Finally,

> [t]o determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea. The concept of examining the totality of the circumstances surrounding a plea in order to determine whether a plea was voluntarily, knowingly, and intelligently entered, is well established. *See*, *e.g. Commonwealth v. Schultz*, 505 Pa. 188, 192, 477 A.2d 1328, 13330 (1984), (on direct appeal from denial of a motion to withdraw a guilty plea, this Court held that, in determining whether a guilty plea has been voluntarily, knowingly and intelligently entered, courts look to the totality of the circumstances surrounding the plea). Indeed, as the law makes clear, a trial court may consider a wide array of relevant evidence under this standard in order to determine the validity of a claim and plea agreement including, but not limited to, transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements.

*Commonwealth v. Allen*, 732 A.2d 582, 588-89 (Pa. 1999).

Wanamaker claims herein that his plea was invalid because he was not made aware of the elements of the crimes to which he pled guilty. If true, this would represent a failure to meet the first area of the guilty plea colloquy. *See Reid*, *supra*. Facially, Wanamaker is correct. However, even though the oral colloquy does not delve into the nature of the two crimes to which he pled guilty, Wanamaker's knowledge of these crimes is

amply demonstrated by examination of the totality of the circumstances and our review of the certified record.

First, the underlying facts supporting guilt to both crimes were set forth, sparingly, in open court and agreed to by Wanamaker. **See** N.T. Guilty Plea, 4/17/2015, at 6-7.[8] However, far more detailed accounts of the failure to provide appropriate medical care to his daughter are found throughout the certified record and were the subject of contention between Wanamaker and the Commonwealth. **See** *e.g.* Motion to Quash, 11/7/2014, including verification signed by Wanamaker, 11/6/2014. Accordingly, Wanamaker was clearly aware of the actions, and failures to act, that supported EWOC.

Second, the guilty plea colloquy demonstrates that Wanamaker knew that the charges he was pleading guilty to represented lesser charges than the EWOC (F3) and perjury charges he originally faced.[9] **See** N.T. Guilty Plea, 4/17/2015, at 2-4. Wanamaker also acknowledged he had fully discussed possible defenses and strategies to the lesser charges. In

---

[8] Specifically, Wanamaker was informed: "February 25, 2014, the Defendant had failed to provide adequate medical attention for his daughter, thereby causing serious dental decay which endangered her health and welfare to a serious degree." In addition, "The Defendant did appear in an official proceeding under oath making statements that he believes to be false."

[9] The only difference between perjury and false swearing is that it must be a material misstatement to support perjury.

acknowledging this, Wanamaker thanked not only his counsel, but the County as well. *Id*. at 5-6. Logically, Wanamaker could not have discussed defenses and strategies to crimes he knew nothing about. Additionally, there would be no reason to thank the prosecution if he had not understood the nature of the plea he had accepted.

Third, the record reveals that at least twice prior to the April 17, 2015, guilty plea, Wanamaker considered pleading guilty to REAP. *See* N.T. Pre-Trial Conference, 2/20/2015; 3/19/2015. At the March 19, 2015, pre-trial conference, Wanamaker indicated he would accept the offer to plead guilty to REAP.[10] Wanamaker's current contention would have us believe that he was contemplating the offer to plead guilty to REAP for at least two months, was willing to accept the plea one month before he did, but did not comprehend the nature of the charge despite his sworn statement at the guilty plea that he had discussed defenses and strategies with his counsel.

Because the certified record supports the determination that Wanamaker was fully aware of the nature of the crimes to which he was pleading, the trial court committed no abuse of discretion in denying him leave to withdraw his guilty plea post-sentence.

---

[10] At that time, the plea offer from the Commonwealth was contingent upon both defendants accepting the offers. Hoffman was unwilling at that time, so Wanamaker's plea was not accepted.

Although the oral guilty plea colloquy was incomplete and no written guilty plea colloquy was executed, we are affirming judgment of sentence and denying Wanamaker relief. But for the record of the extensive pre-trial litigation of central issues in this matter, and evidence of continuing plea agreement negotiations in the months prior to the entry of the guilty plea, we would have been constrained to allow the withdrawal of this guilty plea.

We urge the trial court, the Commonwealth and defense counsel to make use of a written guilty plea colloquy form and to conduct a complete oral guilty plea colloquy.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2015