J-S08041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ELIAS REFILE | : | |
| Appellant | : | No. 888 EDA 2018 |

Appeal from the PCRA Order February 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1019631-1981

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 04, 2019**

Appellant Elias Refile appeals *pro se* from the Order entered on February 16, 2018, in the Court of Common Pleas of Philadelphia County denying his second petition for relief under the Post Conviction Relief Act.[1]  We affirm.

On January 25, 1983, Appellant pled guilty to murder in connection with the shooting death of Isaac Epps on September 14, 1981.  Also on January 25, 1983, the trial court conducted a degree of guilt hearing following which Appellant was convicted of first-degree murder and sentenced to a mandatory term of life imprisonment.

Appellant appealed, and on January 28, 1985, this Court found no merit to Appellant's challenges to the weight and sufficiency of the evidence

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

*   Former Justice specially assigned to the Superior Court.

presented, but we remanded the matter to the trial court for an evidentiary hearing based upon Appellant's claim his plea was invalid due to trial counsel's ineffective assistance. *See Commonwealth v. Refile*, 488 A.2d 1167 (Pa.Super. 1984). On remand, the trial court rejected Appellant's ineffective assistance of counsel clam. Appellant again appealed, and this Court affirmed the trial court's Order. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 2, 1988. *See Commonwealth v. Refile*, 509 A.2d 400 (Pa.Super. 1986), *appeal denied*, 544 A.2d 1342.

On January 6, 1993, Appellant filed his first PCRA petition *pro se*. Counsel was appointed and filed an amended petition on April 21, 1993. Following an evidentiary hearing, the PCRA court dismissed the petition on April 4, 1994, this Court affirmed the PCRA court's dismissal on December 7, 1994, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 26, 1995. *See Commonwealth v. Refile*, 657 A.2d 52 (Pa.Super. 1994), *appeal denied*, 664 A.2d 540 (Pa. 1995).

Over twenty years later, Appellant filed the instant PCRA petition on December 16, 2015, *pro se*.[2] Pursuant to Pa.R.Crim.P. 907, on August 14,

_____

[2] On November 17, 1995, the General Assembly amended the PCRA to require, as a matter of jurisdiction, that any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final ...." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Where,

2017, the PCRA court served Appellant with notice of its intention to dismiss his petition without a hearing. Appellant filed a response to the Rule 907 Notice of August 21, 2017, and the PCRA court dismissed the PCRA petition as untimely on February 16, 2018. On March 23, 2018, Appellant filed a notice of appeal.

Preliminarily, we must address whether this appeal is timely. Although the *pro se* Notice of Appeal is stamped as filed with the trial court on March 23, 2018, the Certificate of Service Appellant affixed thereto indicates that he placed his Notice of Appeal in the prison mailbox on March 15, 2018. Therefore, we find that Appellant timely filed his Notice of Appeal within the thirty-day deadline, pursuant to the "prisoner mailbox rule." **See Commonwealth v. Jones**, 549 Pa. 58, 64, 700 A.2d 423, 426 (1997) (holding that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing).

On appeal, Appellant presents the following issue for our review:

1)    Did the trial court err by dismissing the properly filed PCRA petition without an evidentiary hearing where [ ] Appellant demonstrated that the Commonwealth suppressed material evidence?

Appellant's Brief at 7.

---

as herein, a defendant's judgment of sentence became final on or before the amendments' effective date, a petition will be deemed timely if the petitioner's first petition is filed within one year of the effective date of the amendments. The effective date of the amendments was January 16, 1996.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Spotz**, 642 Pa. 717, 723, 171 A.3d 675, 678 (2017).

All PCRA petitions, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); **see also Commonwealth v. Chester**, 586 Pa. 468, 471, 895 A.2d 520, 522 (2006) (citation omitted) (stating that "[i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition."). Any PCRA petition that is not filed within one year of the date the judgment becomes final is time-barred, unless the petitioner has pled and proven one of the three exceptions to the PCRA's time limitation set forth in 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (providing that an untimely PCRA petition may be considered timely if a petitioner alleges and proves (1) governmental interference with the presentation of his claims; (2) discovery of previously unknown facts which could not have been discovered with due diligence; or (3) a newly-recognized constitutional right given retroactive application). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b)(2); **see also Commonwealth v. Albrecht**, 606 Pa. 64, 69, 994 A.2d 1091, 1094 (2010).

Appellant's instant PCRA Petition, filed on December 16, 2015, is facially untimely because his judgment of sentence became final approximately twenty-seven years prior. Accordingly, the PCRA Petition is time-barred unless Appellant pled and proved one of the three timeliness exceptions. In sum, Appellant purports to invoke the "newly discovered fact" exception pursuant to § 9545(b)(1)(ii) and the "governmental interference" exception pursuant to § 9545(b)(1)(i).

Appellant first asserts police officers involved in his case had in their possession a folding knife recovered "in close proximity of the decedent" at the scene of the homicide since 1983. Brief for Appellant at 9. In support of this claim, Appellant attaches to his PCRA petition what are allegedly the notes of testimony of a police officer who had testified at the trial of his co-defendant, James Patterson. He also presents an affidavit signed by his sister, Carol Refile, dated November 19, 2015, wherein Ms. Rafile represented that she obtained the notes of testimony from Mr. Patterson's trial and sent the same to Appellant on October 30, 2015, which she claims bolster Appellant's own representations over the years that the decedent possessed a knife at the time of the murder.[3] Appellant reasons this Affidavit proves the

---

[3] This statement is belied by Appellant's own, previous testimony that decedent was unarmed. **See** N.T. 9/10/93, at 152.

testimonial evidence was unknown to Appellant until October 30, 2015. *Id*. at 12-13.

The suspect nature of the notes of testimony aside,[4] in setting forth the aforementioned arguments, Appellant fails to satisfy the PCRA's requirement that to invoke the "newly-discovered evidence" exception to the PCRA time-bar, a petitioner must demonstrate why he could not have obtained the evidence previously with the exercise of due diligence. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (stating that "[t]he timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.").

In his appellate brief, Appellant alleges it was not until the visit with his sister at an unspecified time that he learned "it may be that their mother had said that a knife had been found." Appellant goes on to explain that "[i]t bears remarking that the elder Mrs. Refile suffered from alzheimers [sic], thus, no definitive conclusion could be reached." Brief for Appellant at 12. Appellant further stresses that his sister did not obtain the transcripts from Mr. Patterson's trial until October 30, 2015. However, Appellant fails to

_____

[4] Appellant attached to his PCRA petition only four pages of undated notes of testimony with no certification from an official court reporter that they are from Mr. Patterson's trial. The identity of the police officer who stated that he recovered a folding knife inside the home of the victim Isaac Epps does not appear in the notes of testimony, nor it is revealed in Appellant's PCRA petition or in his appellate brief.

acknowledge that prior to the filing of his instant PCRA petition on December 16, 2015, he and/or his sister had decades to obtain the notes of testimony from Mr. Patterson's trial which actually preceded his. Therefore, the notes of testimony were available to Appellant and his counsel at the time he pled guilty and at the time of the guilt-phase hearing in January of 1983, and he nowhere explains why he could not have obtained them with the exercise of due diligence before October of 2015.[5]

Appellant also contends he is entitled to relief under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963),[6] in light of the Commonwealth's failure to disclose that a folding knife was found near the decedent and would have "suggested a self or imperfect defense as well as voluntary manslaughter." Appellant's Brief at 16. The Pennsylvania Supreme Court has explained that to establish a *Brady* violation, a defendant must show that:

> (1) evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was favorable to the defendant, either because it was exculpatory or because it could have been used for impeachment; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant. *See*

---

[5] Following a bench trial which had commenced the preceding day, Mr. Patterson was found guilty of third degree murder on May 25, 1982. PCRA Court Opinion, filed 6/21/18, at 5 n. 6.

[6] "Pursuant to *Brady* and its progeny, the prosecutor 'has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.'" *Commonwealth v. Natividad*, No. 743 CAP, 2019 WL 286564, at *11 (Pa. Jan. 23, 2019) (citation omitted).

> ***Commonwealth v. Lambert***, 584 Pa. 461, 471, 884 A.2d 848, 854 (Pa. 2005); ***Commonwealth v. Collins***, 585 Pa. 45, 888 A.2d 564, 577–78 (Pa. 2005). However, "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense." ***Commonwealth v. Chambers***, 570 Pa. 3, 807 A.2d 872, 887 (Pa. 2002) (citation omitted and emphasis added). Rather, evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 29, 807 A.2d at 887–88 (quoting ***Bagley***, 473 U.S. at 682, 105 S.Ct. at 3375).

***Commonwealth v. Willis***, 616 Pa. 48, 60-61, 46 A.3d 648, 656 (2012).

Appellant's attempt to establish a ***Brady*** violation necessarily fails, for nowhere does he show that the Commonwealth either willfully or inadvertently suppressed the evidence. Moreover, the excerpted testimony of the unidentified police officer indicates only that a folding knife was discovered inside the victim's home; the officer could not verify where the victim's body was found or its proximity to the weapon. Therefore, this purported evidence fails to establish that the victim was armed with the knife when Appellant shot him in the back. Finally, Appellant cannot establish that there has been a suppression by the prosecution of favorable evidence or that the omission of such evidence prejudiced him such that he would not have been found guilty of first-degree murder, for he pleaded guilty to murder generally.

Accordingly, the PCRA court properly dismissed Appellant's second PCRA Petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/19