529 A.2d 1112

**COMMONWEALTH of Pennsylvania**

v.

**Robert Gene RUMBAUGH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 17, 1987.

Filed Aug. 3, 1987.

J. Randall Miller, Assistant Public Defender, Hollidaysburg, for appellant.

Ellen L. Cohen, Assistant District Attorney, Hollidaysburg, for Com., appellee.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from an order denying-appellant Robert Gene Rumbaugh's post-sentence petition to withdraw his guilty plea and from the judgment of sentence imposed following his plea.

Appellant was arrested on September 7, 1985 and charged with Burglary, Criminal Trespass, and Indecent Assault. On January 23, 1986, following a trial by jury which ended in a mistrial, appellant entered a negotiated guilty plea to charges of Criminal Trespass and Open Lewdness. Appellant was sentenced on September 10, 1986 to three to eight years imprisonment. Eight days later, appellant filed a motion to withdraw his guilty plea and modify his sentence. The motion was denied without a hearing on September 23, 1986. Appellant now appeals. On appeal, he raises two issues: (1) Is the refusal to permit him to withdraw his guilty plea manifestly unjust? and (2) Is the sentence imposed manifestly excessive?

In disposing of appellant's first issue, we must apply the post-sentence test to determine whether appellant should have been permitted to withdraw his guilty plea: appellant filed a motion with the court for permission to withdraw his plea eight days after sentence had been imposed. A post-sentence motion to withdraw a guilty plea, filed pursuant to Pa.R.Crim.P. 321, can be granted only on a showing of prejudice amounting to manifest injustice. *Commonwealth v. Refile*, 353 Pa.Super. 190, 509 A.2d 400 (1986). Appellant has failed to show any prejudice. His contention that his physical and mental condition rendered him incapable of making an intelligent and voluntary decision to plead guilty is belied by his acknowledgment during the plea colloquy that he understood what he was doing and

that his physical ailment—a head cold—did not impair his ability to comprehend the proceedings. Since appellant's argument is contradicted by his own testimony, under oath, at the plea hearing no further hearing on his post-sentence motion was required.

In his second issue, appellant questions whether the sentence imposed was excessive because it was disproportionate to sentences given to other defendants who committed similar crimes. Since the issue raised by appellant does not implicate the legality of his sentence but only the discretionary aspects of the sentence, his appeal is not a matter of right. Rather, an appellate court may only grant such an appeal where it appears that there is a substantial question that the sentence imposed is not appropriate under the sentencing code. 42 Pa.C.S. § 9781(b).

In *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), the Supreme Court discussed the procedure which must be followed to perfect an appeal from the discretionary aspects of a sentence. The notice of appeal under Pa.R.A.P. 902 serves as the "petition for allowance of appeal" as required by 42 Pa.C.S. § 9781(b). The appellant then must include in his brief a separate section setting forth a concise statement of reasons why the Court should exercise its discretionary jurisdiction to hear the appeal. Pa.R.A.P. 2119(f). Failure to include such a statement *may* preclude permission to appeal. If the appellee does not object to the failure of the appellant to comply with the requirements of Rule 2119(f), the procedural requirement of a separate section detailing the reasons why permission to appeal should be granted is waived. Such a waiver of the procedural requirement to set forth an independent statement of reasons does not, however, relieve us from our initial obligation to determine whether a substantial question that warrants exercise of our discretionary jurisdiction is presented.

In this case, the Commonwealth has not objected to appellant's failure to include a separate statement of reasons, and therefore we can overlook appellant's failure to

comply with the procedural requirement of Rule 2119(f). See *Tuladziecki, Id.*, 513 Pa. at 515, 522 A.2d at 21 ("Appellant properly preserved his challenge to this procedural violation, and for the reasons stated herein, the Superior Court's decision to overlook it must be vacated"). However, we still must determine whether appellant has presented a suitable " 'statement of question' by 'brief reasons' indicating a 'substantial question' " is involved. *Commonwealth v. Lapcevich*, 364 Pa.Super. 151, 155 n. 2, 527 A.2d 572, 574 n. 2 (1987).

■ Our examination of appellant's claim shows that he has failed to present a substantial question that his sentence is not appropriate under the Sentencing Code. Appellant was sentenced within the sentencing guidelines, and the severity of his sentence reflects his substantial prior criminal record as reflected in his prior record score. We therefore deny appellant's petition for permission to appeal from the discretionary aspect of his sentence.

The order denying appellant's petition to withdraw his guilty plea is affirmed, and his petition for permission to appeal from the discretionary aspects of his sentence is denied.