530 A.2d 458

**COMMONWEALTH of Pennsylvania**

v.

**Theodore CHASE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 19, 1987.

Filed Aug. 19, 1987.

Richard S. Levine, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

Appellant Theodore Chase takes this appeal from a judgment of sentence of the Allegheny County Court of Common Pleas.

On December 5, 1986, appellant was charged with four counts of terroristic threats. On March 5, 1986, a jury found him guilty of three of the four counts. Appellant filed a timely, counseled post-trial motion on March 7, 1986 as well as a timely, uncounseled post-trial motion a few days later. The trial court denied both motions. At the sentencing hearing, the judge stated that the foreperson of the jury had been called on the day after the verdict had been rendered and a threatening message had been left on her telephone answering machine. Although the judge stated that he was not accusing appellant of the act, he proceeded to eliminate other possible persons connected with appellant who could have made such a call. He also characterized both appellant's conduct for which he was convicted and the telephone call as "bizarre." Appellant was sentenced to eleven and one-half to twenty-three months imprisonment for each of the three convictions, the sentences to run consecutively, and with a possibility of parole after each sentence. A motion to modify sentence was denied and this appeal followed.

At all times relevant to the instant case, appellant was an inmate at Western State Correctional Institution in Pittsburgh, PA. The victim, Dr. Michael Gilberti, the medical director at the penitentiary, had been treating appellant for a hand injury for approximately two years.

Three issues are presented for our consideration: (1) whether the evidence presented by the Commonwealth was sufficient to uphold appellant's conviction on three counts of terroristic threats; (2) whether the Commonwealth failed to establish the extreme fear of the victim and the requisite

intent of appellant necessary for a conviction of terroristic threats; and (3) whether the sentence imposed by the trial court is "illegal" due to the court's reliance on an impermissible factor.

■ We find that issues one and two have been waived for failure to include them in either the counseled or the uncounseled posttrial motions. *Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983). Thus we do not consider or decide those issues.

■ In his statement of questions presented, appellant claims that his sentencing issue raises a question of the legality of the sentence because the court relied upon an impermissible factor when imposing sentence. Yet in the argument section of his brief, appellant states that the issue involves the alleged abuse of the trial court's discretion. Because an appeal can be taken from a judgment of sentence as of right only when there is a question of the legality of the sentence, 42 Pa.C.S. § 9781, we must first determine whether the issue raised in this case concerns the legality of the sentence or the exercise of the trial court's discretion.

■ In this case, the sentence imposed was undeniably within the legal limits imposed by the legislature. Appellant's only contention is that the court considered an improper factor. Consideration of an improper factor does not make the sentence *illegal,* although it would render the sentence invalid and require that the sentence be vacated and the case remanded for resentencing. *Commonwealth v. Bethea,* 474 Pa. 571, 379 A.2d 102 (1977).[1] We hold that

1. We recognize that a panel of this Court has stated that consideration of an improper factor renders a sentence "illegal." *Commonwealth v. Cowan,* 275 Pa.Super. 341, 418 A.2d 753 (1980). However, the Court's authority for concluding such a sentence to be "illegal" was the Supreme Court's decision in *Commonwealth v. Bethea,* 474 Pa. 571, 379 A.2d 102 (1977). *Bethea* does not say that a sentence for which improper factors were considered is illegal; it only states that such a sentence is "invalid." Because *Cowan* provided no explanation for its deviation from *Bethea,* we are compelled to follow *Bethea* and find such a sentence to be invalid, but not illegal.

the appeal in this case challenges a discretionary aspect of appellant's sentence. Therefore, his appeal is not a matter of right. However, we shall consider appellant's notice of appeal as a "petition" for allowance of appeal. 42 Pa.C.S. § 9781(b).

■■■ In this case, the Commonwealth has not objected to appellant's failure to include a separate statement of reasons why permission to appeal should be granted as required by Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Therefore that requirement has been waived by the appellee. *Commonwealth v. Rumbaugh,* 365 Pa.Super. 388, 529 A.2d 1112. However, we still must determine whether appellant has presented a suitable " 'statement of question' by 'brief reasons' indicating a 'substantial question' " is involved. *Commonwealth v. Lapcevich,* 364 Pa.Super. 151, 155 n. 2, 527 A.2d 572, 574 n. 2 (1987). Our examination of the statement of questions presented, and the summary of the argument contained in appellant's brief satisfies us that appellant has presented a substantial question that the sentence imposed is inappropriate under the Sentencing Code. We therefore will exercise our discretionary jurisdiction and grant appellant's petition to appeal.

The sentencing judge spent a considerable amount of time introducing information concerning a telephone call made to the jury foreperson the day after the verdict was rendered. The pertinent part of the sentencing procedure follows:

THE COURT: Well, your activities are all the more bizzare [sic] to me, Theodore, to be honest with you. You know, I would think to myself that if I only had that amount of time to do I could do it standing on my head, and the last thing in the world I would want is to get in a

See also *Commonwealth v. Osborn,* 364 Pa.Super. 505, 528 A.2d 623 (1986) in which appellant argued, *inter alia,* that the sentence was illegal because the trial court failed to consider relevant factors at sentencing. In *Osborn,* the court stated that:

Although appellant characterizes these contentions as challenges to the legality of the sentence; we find that they are, in fact, predominately challenges to discretionary aspects of the sentence.

*Id.,* 364 Pa.Superior Ct. at ——, 528 A.2d at 630.

beef with someone. The answer to that is locked some-where in the recesses of your own mind, you know. Now, this verdict was rendered on March 5, 1986. On March 5th, the foreperson, Verna Lee Langham, of your jury announced the verdict, which was a Wednesday. She was at work the next day, and she came home and went out and turned on a recording machine. Between 5:30 and 10:00 p.m. on Thursday evening there was a message on her recording device on her phone saying, "You're a fucking ass hole for lying about the fucking verdict. I'm just calling to let you know that I know who you are." You know, that's bizzare [sic]. Now, I'm not saying you did that, but isn't it strange that someone would know that Verna Lee Langham was the fore-person? When you see things like this you say to your-self, is this a rational human being? Would someone else on the jury have called her? Certainly not, no. Would the District Attorney have called her? No. Who were the witnesses in this case? Could it have been Mr. Chase's brother or wife, or something like that? Well, you didn't have any such witnesses, you know. So, you know, it makes you wonder. You say, you know, I wonder if Teddy was doing the same business instead of writing letters. It's the old phone call harassment, you see.

MS. KREISMAN: Your Honor, let me say something. These gentlemen from Western Pentitentiary [sic] can verify that prisoners have to make collect calls, they can't call direct. All prison calls are collect. I'm sure even the Court knows that from—

THE COURT: Yes, but what I'm saying is, though, isn't it strange that he's convicted on the 5th, and two days later the woman is out and she comes back. Who would have known she was on the jury, let alone be the foreperson?

MR. CHASE: Your Honor, I didn't even know the people. I knew the jury was picked, but I didn't know their names. I'm in a restricted housing unit at the institution. We don't even have access to phone calls,

Your Honor, I'm locked in a cell 24 hours a day. All phone calls are monitored, and you get one a month. It's limited to 15 minutes, and it's monitored by a corrections office.

THE COURT: I'll tell you what I'm going to do, Theodore.

MR. CHASE: Not to interrupt you, Your Honor, but I was found guilty when in my belief there was no evidence to ensure sentence and to ensure this Court accordingly. How could I have left this courtroom and got that information? I'm in the restrictive housing unit, and I'm cuffed everywhere I go.

THE COURT: I didn't say you did, I'm saying that it's bizzare [sic] that it happened two days after you were convicted. It's also bizzare [sic] that Dr. Gilberti received a letter two days after he was served with a law suit.

MR. CHASE: He gets on the stand and says he didn't know anything, but the Sheriff's Department handed it to him two days before. I mean it is bizzare [sic], and based on my past record of Terroristic Threats, what better charge to put on me?

THE COURT: Well, in light of your prior record, Theodore, like the Terroristic Threats charge, and the Court believing that you're in need of treatment that best can be provided in an institutional setting, I'm going to sentence you. You were found guilty, by the way, at Counts 1, 2 and 3, and not guilty at Count 4, and I think the guideline sentence is appropriate in this case. Now, what I'm going to do is I'm going to sentence you on each of these three counts to 11–1/2 to 23 months incarceration, and the sentences are to run consecutively.

Our Supreme Court has held that "the correct inquiry in such a case as this is not whether the trial court considered legitimate factors in fixing sentence, but whether it considered only such factors.... Thus, a sentence based in part on an impermissible consideration is not made proper simply because the sentencing judge considers other permissible factors as well." *Bethea, supra,* 474 Pa. at 579–580, 379 A.2d at 106.

We are persuaded from our reading of the trial court's remarks prior to sentencing that the court may have considered the phone call in determining the sentence. In fact the entire discussion of the evidence concerning the phone call was brought up by the court *sua sponte* immediately before sentence was imposed.

It is reasonable to assume, then, that the court considered conduct similar to the one for which appellant was convicted, but for which he was not charged. We have held that such action on the part of a sentencing judge is inappropriate.

■ In *Commonwealth v. Sypin*, 341 Pa.Super. 506, 491 A.2d 1371 (1985), we vacated the sentence and remanded in a case where the appellant had been charged with deviate sexual intercourse and corruption of a nine year old boy. In sentencing, the trial court had referred to the disappearance or death of children for which the appellant not been charged. In our review of that sentencing procedure we stated:

> These statements require that the judgment of sentence be vacated and the case remanded for resentencing. Appellant was not charged in connection with the disappearance or death of any child. *See Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977) (sentence invalid if it appears that sentencing court may have relied on an impermissible consideration). *Commonwealth v. Stufflet*, 322 Pa.Super. 176, 469 A.2d 240 (1983) (improper reference to rape at sentencing when defendant not charged with rape); *Commonwealth v. Karash*, 306 Pa. Super. 229, 452 A.2d 528 (1982) (in sentencing defendant for burglary, court should not have referred to escape for which defendant had not been charged); *Commonwealth v. Cruz*, 265 Pa.Super. 474, 402 A.2d 536 (1979) (error for sentencing court to rely on unsubstantiated hearsay that defendant dealt in large quantities of drugs).

*Id.*, 341 Pa.Superior Ct. at 508, 491 A.2d at 1372.

When we apply the principles above to the instant case, we are persuaded that appellant's sentence must be vacated.

Accordingly, appellant's "petition" for allowance of an appeal from the discretionary aspects of his sentence is granted, the judgment of sentence is vacated and the case is remanded for resentencing. Jurisdiction relinquished.