531 A.2d 497

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**William THOMAS.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1986.

Filed Sept. 23, 1987.

Deborah Fleisher, Assistant District Attorney, Philadelphia, for Com., appellant.

Jeffery P. Shender, Assistant Public Defender, Philadelphia, for appellee.

Before CIRILLO, President Judge, and ROWLEY and BECK, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

In this appeal by the Commonwealth, the Commonwealth argues that the trial court unreasonably deviated from the Sentencing Guidelines when it sentenced defendant to 1) 6 to 23 months imprisonment for aggravated assault when the applicable mitigated minimum range, including the deadly weapon enhancement provision [204 Pa.Code § 303.-4], calls for a sentence of 16 to 32 months imprisonment, and 2) a concurrent sentence of 5 years probation for intimidation of a victim or witness when the mitigated

minimum sentence range calls for a sentence of 4 to 8 months imprisonment. The Commonwealth submits that the trial court failed adequately to consider the guidelines and the totality of the circumstances in sentencing defendant.

The issues raised by appellant address the discretionary aspects of sentencing, and therefore appellant cannot appeal as of right, but must petition for permission to appeal. 42 Pa.C.S. § 9781. After this case was argued, the Pennsylvania Supreme Court decided *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), which held that an appellant must include a separate section preceding the argument section of the brief setting forth a concise statement of reasons why the sentence imposed is inappropriate under the Sentencing Code and why the Court should exercise its discretionary jurisdiction to allow the appeal. In response to that decision the Commonwealth filed a motion to supplement its brief in the present case and the motion was granted. The supplement is entitled Reasons for Allowing Appeal and in it the Commonwealth submits only: 1) that the appeal presents a substantial question as to the appropriateness of the sentence; 2) that the trial court failed to provide sufficient reasons for its deviation from the Sentencing Guidelines; and 3) that the sentence calls into question whether the general scheme established by the Sentencing Code was followed.

After having considered the Commonwealth's supplement to its brief, we conclude that it fails to set forth a substantial question as to the appropriateness of the sentence imposed by the trial court. *See Commonwealth v. Tuladziecki, supra.* The supplement is conclusory and merely parrots the language of the Sentencing Code and *Tuladziecki*. Because appellee objected to the Commonwealth's motion to supplement its brief, and because the Commonwealth's brief, even as supplemented, is inadequate, appellee has not waived the procedural requirements of *Tuladziecki*. See *Commonwealth v. Rumbaugh*, 365 Pa.Super.

388, 529 A.2d 1112 (1987). We therefore deny the Commonwealth's petition for permission to appeal.

Petition for permission to appeal is denied.

CIRILLO, President Judge, concurs in the result.