533 A.2d 735

**COMMONWEALTH of Pennsylvania**

v.

**Deboe PICKERING, Appellant.**

Superior Court of Pennsylvania.

Argued April 29, 1987.

Filed Oct. 28, 1987.

Carmela R. Presogna, Assistant Public Defender, Erie, for appellant.

Tim Lucas, Assistant District Attorney, Erie, for Com., appellee.

Before CIRILLO, President Judge, and MONTEMURO and TAMILIA, JJ.

PER CURIAM:

This is an appeal from a judgment of sentence entered by the Court of Common Pleas of Erie County. After a jury trial, appellant Deboe Pickering was found guilty of five counts of delivery of marijuana and five counts of possession of marijuana. The court sentenced him to five consecutive terms of six to twelve months, finding that the other counts merged for sentencing purposes. We affirm.

The evidence presented indicates Pickering sold nickel bags of marijuana to an undercover police officer on five different occasions. At trial, the police officer testified she had destroyed her original notes in which she had recorded the transactions between herself and the defendant. She stated she used the notes to prepare her written reports which were made available to defense counsel.

Appellant presents two issues for our review: (1) whether the Commonwealth's failure to produce the police officer's original notes constituted a denial of the constitutional right to confrontation; and (2) whether the trial court abused its discretion in imposing an allegedly excessive sentence of two and one-half to five years confinement.

■ Appellant urges us to adopt a rule requiring the police to preserve original informal notes which are relevant to a criminal investigation. He argues that effective cross-

examination is impossible without access to the notes and such a denial violates his right to confrontation. *See* U.S. Const. Sixth Amend.; Pa. Const., Art. I, § 9; *Pennsylvania v. Ritchie,* —— U.S. ——, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). Appellant points out that some federal circuit courts have adopted this prophylactic rule. *See, e.g., United States v. Vella,* 562 F.2d 275 (3d Cir.1977); *United States v. Harrison,* 524 F.2d 421 (D.C.Cir.1975). *See also* Davis, *An Approach to Legal Control of the Police,* 52 Tex.L.Rev. 703, 712 (1974).

However, the federal cases are controlled by Federal Rule of Criminal Procedure 16 and the Jencks Act, 18 U.S.C. § 3500. These rules control the suppression and destruction of potential evidence in federal criminal prosecutions. In Pennsylvania, our rules have no such provision so the situation is controlled by *Commonwealth v. York,* 319 Pa.Super. 13, 465 A.2d 1028 (1983), and its progeny.

As a panel of this Court recently explained:

▮n order for the destruction of [a police officer's] notes to be a violation meriting a mistrial, proof is required of the following: suppression of evidence by the prosecution after a request by the defense, the favorable character of the evidence for the defense; and the materiality of the evidence.

*Commonwealth v. Haber,* 351 Pa.Super. 79, 87–88, 505 A.2d 273, 278 (1986) (citing *York, supra* ).

There was no evidence presented that any of the requirements were met in this case. The destroyed notes could not possibly be material because they were substantively incorporated into the officer's typewritten report which was produced at trial. The handwritten notes would have merely been cumulative evidence.

▮ Appellant's right of confrontation has not been violated. *See* U.S. Constitution amend. VI; Pa.Constitution article 1, § 9. As the United States Supreme Court recently held, the Confrontation Clause is not "a constitutionally compelled rule of pretrial discovery." *Pennsylvania v.*

*Ritchie,* —— U.S. ——, ——, 107 S.Ct. 989, 999, 94 L.Ed. 40, 54 (1987). The Court stated that the Clause guarantees a defendant "an opportunity for effective cross-examination." *Id.* at ——, 107 S.Ct. at 999, 94 L.Ed. at 55. As long as the requirements of *York* are met, the defendant will usually have been afforded such an opportunity.

Appellant has failed to demonstrate how he was denied the opportunity for effective cross-examination of the witness in question. He also failed to allege the notes were destroyed in bad faith. Because he was not denied such an opportunity, the *York* rule is constitutional as applied to him.

Appellant's second issue presented for review is whether the trial court abused its discretion in sentencing appellant to two and one-half to five years confinement. He argues the trial court failed to give adequate weight to mitigating factors, resulting in the imposition of an excessive sentence, while also failing to state adequate reasons for the sentence imposed and relying on improper, if not illegal, considerations.

■ Initially, as this issue concerns the discretionary aspects of sentencing, we must review the appellant's brief in light of *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987) and Pa.R.A.P. 2119(f) which states:

(f) Discretionary aspects of sentence. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

*Tuladziecki* requires that the briefing stage deal with the appropriateness of the appeal by showing that "[t]here is a substantial question that the sentence imposed is not appropriate under this chapter (Sentencing)." 42 Pa.C.S. § 9781(b). In this case, unless we are concerned primarily with technical headings rather than procedural compliance

with the requirement of the rule, the appellant's brief *does* provide, in its statement of questions involve, a substantial question, pursuant to 42 Pa.C.S. § 9781 for the court's consideration prior to argument on the merits. *See* appellant's brief, p. 19 (substantial question headed 2). Then, as required by Pa.R.A.P. 2119(f), a "concise statement of the reasons relied upon" was provided. *See* appellant's brief, pp. 19–23 (statement of reasons).

Here, unlike *Tuladziecki,* the brief presented the issue in proper procedural sequence and in doing so, provides this Court with sufficient legal basis to review the merits of the issue which followed. In *Tuladziecki,* this Court was presented with the merits from which was gleaned the existence of a substantial question, nunc pro tunc, which was procedurally improper according to the rules. Here, the requirements of *Tuladziecki* were met in that procedurally the necessary gates were opened permitting a legally proper and logical consideration of the merits *before* the issues were properly raised. We do not read *Tuladziecki* to elevate form over substance and to require explicit headings such as "There Exists a Substantial Question" and "Concise Statement of Reasons" when, in fact, the brief contains them in proper stages and substance.

Appellant's brief in this case is similar to that of appellant in *Commonwealth v. Muller,* 364 Pa.Super. 346, 528 A.2d 191 (1987), where we found appellant had properly alleged a substantial question (42 Pa.C.S. § 9781(b)) and a concise statement of the reasons relied upon for allowance of appeal (Pa.R.A.P. 2119(f)) even though the sections were not specifically labeled as such.

Here, as in *Muller,* we "believe the appellant's statement ..., uncontested by the Commonwealth, [*see Commonwealth v. Chase,* 365 Pa.Super. 572, 530 A.2d 458 (1987) and *Commonwealth v. Rumbaugh,* 365 Pa.Super. 388, 529 A.2d 1112 (1987)] is sufficient within the Pennsylvania Rules of Appellate Procedure ... and in conformity with *Tulad-*

*ziecki, supra,* to permit us to accept this appeal and to consider appellant's question on the merits." *Id.* 364 Pa.Super. at 350, 528 A.2d at 193. *Also see Commonwealth v. Lapcevich,* 364 Pa.Super. 151 n. 2, 527 A.2d 572 n. 2 (1987).

Having determined the petition for allowance of appeal can properly be granted, we turn to appellant's brief, where he challenges the discretionary aspects of sentencing and the case record to ascertain whether these issues have, in fact, been preserved for our review. The allegation that the trial court failed to give adequate weight to mitigating factors, thereby imposing an excessive sentence of two and one-half to five years confinement, has been preserved by appellant in his motion for sentencing reconsideration or modification. In that motion, appellant states: "The Court failed to enunciate its reasoning process concerning rejection of defendant's strengths in terms of his care of his son, his boxing career, and his efforts to obtain vocational training." (Record at document 12, p. 3.)

■ A review of the sentencing guidelines reveals a sentence well within the minimum range for each conviction. With a prior record score of "1" and an offense gravity score of "5", the initial offense falls under the following guidelines:

| Minimum | Aggravated | Mitigated |
|---------|-----------|-----------|
| 3–12 | 12–18 | 1½–3 |

The guidelines below are applicable to the remaining convictions:

| Minimum | Aggravated | Mitigated |
|---------|-----------|-----------|
| 0–12 | 12–18 | non-confinement |

While a minimum term of six months imprisonment on each of five convictions was imposed on appellant, an examination of the guidelines shows he could have been sentenced to a minimum of twelve months on each count without the trial court going beyond the minimum guidelines range. Additionally, we note that under The Controlled Substance, Drug, Device and Cosmetic Act the statu-

tory maximum term of imprisonment for *each* of appellant's convictions is five years, 35 P.S. § 780–113(f)(2). Appellant certainly cannot, therefore, claim his sentence is illegal; his sentence is just ten per cent (10%) of the possible maximum.

A review of the sentencing transcript reveals the trial judge did give adequate weight and consideration to the necessary factors to be used in the determination of an appropriate sentence. As this Court said in *Commonwealth v. White*, 341 Pa.Super. 261, 491 A.2d 252 (1985),

It is well settled that Pennsylvania trial judges are vested with broad sentencing discretion with which the appellate courts will not interfere absent manifest abuse. *Commonwealth v. Green*, 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Black*, 321 Pa.Super. 44, 467 A.2d 884 (1983). In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. *Commonwealth v. Palmer*, 315 Pa.Super. 601, 462 A.2d 755 (1983); *Commonwealth v. Scarborough*, 313 Pa.Super. 521, 460 A.2d 310 (1983). 'A trial judge is required to state on the record his reasons for the particular sentence imposed and these articulated reasons should reflect the judge's consideration of the sentencing code, the circumstances of the offense, and the character of the offender.' *Commonwealth v. Kane*, 315 Pa.Super. 212, 461 A.2d 1246, 1250–51 (1983) (footnote omitted). The statement of the court at the sentencing proceedings need not specifically cite or include the language of the sentencing code; it need only demonstrate that the court has considered the factors specified in the code. *Id.*, 315 Pa.Superior Ct. at 221, 461 A.2d at 1251; *Commonwealth v. Franklin*, 301 Pa.Super. 17, 446 A.2d 1313 (1982).

*Id.*, 341 Pa.Superior Ct. at 270, 491 A.2d at 257.

█ In the instant case, while the sentencing judge did not specifically address each of the mitigating factors set

forth by appellant, he did refer to his consideration of the arguments of counsel (where the mitigating factors were argued), the sentencing guidelines and the presentence report including the defendant's statement contained therein. Our careful review of the more than five pages of the sentencing colloquy and briefs, record and transcripts leads us to conclude the sentence imposed upon appellant was proper. He was sentenced within the minimum/standard guideline range and we conclude that sentence was not excessive under the totality of circumstances present.[1]

Judgment of sentence affirmed.

CIRILLO, President Judge, filed a concurring and dissenting statement.

CIRILLO, President Judge, concurring and dissenting:

I join in the majority's result, as well as the majority's analysis and disposition of the first issue. However, I respectfully dissent to the majority's decision to address appellant's second issue—whether the trial court abused its discretion in sentencing appellant to two and one-half to five years confinement. Appellant's brief simply does not comply with Pa.R.A.P. 2119(f) or *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), and this court therefore has no jurisdiction to review this issue on appeal.

1. As to applying the guidelines in this case, they would not be made irrelevant by *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), as footnote 2 therein provides:

   2 This ruling is applicable to cases where the issue [of constitutionality] has been "properly preserved at all stages of adjudication up to and including any direct appeal." *Commonwealth v. Cabeza*, 503 Pa. 228, 233, 469 A.2d 146, 148 (1983).

   We note that the Supreme Court, in *Sessoms*, did not bar the trial court from *considering* the guidelines in determining an appropriate sentence. Also, *Commonwealth v. Samuels*, 516 Pa. 300, 532 A.2d 404 (1987) provides at note 4, "Inasmuch as Samuels failed to preserve his challenge to the constitutionality of the sentencing guidelines, *Commonwealth v. Sessoms*, [*supra*] is inapplicable."