J-A28015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DOUGLASS CASEY | : | |
| | : | |
| Appellant | : | No. 1494 EDA 2015 |

Appeal from the Judgment of Sentence April 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004121-2010,
CP-51-CR-0004540-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.:　　　　　　**FILED DECEMBER 21, 2017**

Appellant, Douglass Casey, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following revocation of his probation at both docket numbers.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts of this case.  Therefore, we have no reason to restate them. Procedurally, we add Appellant entered a negotiated guilty plea on August 19, 2010, to theft by unlawful taking and access device fraud at Docket No. 4121-2010.  That same day, the court sentenced Appellant to an aggregate term of nine (9) to twenty-three (23) months' incarceration, plus three (3) years' probation.  Appellant filed no post-sentence motion or direct appeal.

While on probation on July 11, 2013, Appellant entered a negotiated guilty plea to forgery at Docket No. 4540-2013.  That same day, the court

sentenced Appellant at Docket No. 4540-2013 to three (3) to twelve (12) months' incarceration, plus one (1) year probation. The court also revoked Appellant's probation at Docket No. 4121-2010 and resentenced Appellant to nine (9) to twenty-three (23) months' incarceration, plus two (2) years' probation, to run consecutive to the sentence at Docket No. 4540-2013. On July 22, 2013, Appellant filed a motion for reconsideration of his new sentence at Docket No. 4121-2010, which the court denied on July 25, 2013. Appellant subsequently sought no appellate review.

While on probation on December 9, 2014, Appellant entered a negotiated guilty plea to robbery at Docket No. 9228-2014. With the benefit of a pre-sentence investigation ("PSI") report, the court conducted a sentencing hearing on April 20, 2015. At the conclusion of the hearing, the court sentenced Appellant, to two (2) to four (4) years' incarceration, plus four (4) years' probation at Docket No. 9228-2014. The court also revoked Appellant's probation and resentenced Appellant at Docket No. 4121-2010 and Docket No. 4540-2013. At Docket No. 4121-2010, the court resentenced Appellant to an aggregate term of two (2) to four (4) years' incarceration, plus one (1) year probation, to run consecutive to the sentence at Docket No. 9228-2014. At Docket No. 4540-2013, the court resentenced Appellant to one (1) to two (2) years' incarceration, to run consecutive to the new sentence at Docket No. 4121-2010. In sum, the court imposed an aggregate sentence of five (5) to ten (10) years'

incarceration, plus five (5) years' probation.

Within thirty days of resentencing, Appellant filed a post-sentence motion, which the court denied, and a timely notice of appeal from the revocation sentences at Docket No. 4121-2010 and Docket No. 4540-2013. On January 27, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on February 9, 2016.

Appellant raises one issue for our review:

> DID NOT THE [SENTENCING] COURT ERR AND ABUSE ITS DISCRETION WHEN IT IMPOSED A MANIFESTLY EXCESSIVE VIOLATION OF PROBATION SENTENCE WHICH FAR SURPASSED WHAT WAS REQUIRED TO PROTECT THE PUBLIC, THE COMPLAINANT OR THE COMMUNITY AND WAS WELL BEYOND WHAT WAS NECESSARY TO FOSTER APPELLANT'S REHABILITATION?

(Appellant's Brief at 3).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited to validity of proceedings and legality of sentence, this Court's scope of review on appeal from revocation sentencing can also include discretionary sentencing challenges).

Appellant argues the court disregarded Appellant's rehabilitative needs when it imposed the revocation sentences at Docket No. 4121-2010 and Docket No. 4540-2013. Appellant avers the sentencing court failed to consider Appellant's childhood history as a victim of physical, emotional, and sexual abuse, as well as his need for mental health and substance abuse treatment. Appellant maintains the court did not consider that Appellant had participated in rehabilitation programs while in custody and had the support of two service providers, who attended the April 20, 2015 sentencing hearing. Appellant concludes the court imposed an excessive and unreasonable sentence. Appellant's challenge is to the discretionary aspects of his sentence.[1] *See Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by,

---

[1] Appellant preserved this claim in his motion for modification of sentence, Rule 1925(b) statement, and Rule 2119(f) statement.

*inter alia*, including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting **Commonwealth v. Williams**, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 913 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim of excessiveness can raise a substantial question as to the

appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. **Mouzon, supra** at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. **Id.** at 435, 812 A.2d at 627. Rather, a substantial question exists "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." **Id. See, e.g., Cartrette, supra** (indicating claim that revocation court ignored appropriate sentencing factors raises substantial question). Significantly, an allegation that the sentencing court failed to consider certain mitigating factors, absent more, does not raise a substantial question for our review. **Commonwealth v. Rhoades**, 8 A.3d 912, 918-19 (Pa.Super. 2010), *appeal denied*, 611 Pa. 651, 25 A.3d 328 (2011), *cert. denied*, 565 U.S. 1263, 132 S.Ct. 1746, 182 L.Ed.2d 536 (2012). **See also Commonwealth v. Berry**, 785 A.2d 994, 997 (Pa.Super. 2001) (holding claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

In the context of probation revocation and resentencing, the Sentencing Code provides, in pertinent part:

> **§ 9771. Modification or revocation of order of probation**
>
> **(a) General rule.**—The court may at any time

terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

**(b) Revocation.—**The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

**(c) Limitation on sentence of total confinement.—**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

\* \* \*

42 Pa.C.S.A. § 9771(a)-(c). "The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated." ***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa.Super. 2014), *appeal denied*, 631 Pa. 710, 109 A.3d 678 (2015).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which,

absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover***, 909 A.2d 321, 322 (Pa.Super. 2006). The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196 (2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa.Super. 2001).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence…." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Id. See also Commonwealth v. Carrillo-***

*Diaz*, 64 A.3d 722, 727-28 (Pa.Super. 2013) (explaining where revocation court presided over defendant's no contest plea hearing and original sentencing, as well as his probation revocation hearing and sentencing, court had sufficient information to evaluate circumstances of offense and character of defendant when sentencing following revocation).

Instantly, Appellant's claim that the court failed to consider specific mitigating factors (Appellant's rehabilitative needs, history as a victim of abuse, participation in rehabilitative programs, and support from service providers) and his bald claim of excessiveness do not raise substantial questions meriting review. *See Mouzon, supra*; *Berry, supra*. In any event, the court had the benefit of a PSI report at sentencing. Therefore, we can presume the court considered the relevant factors when it sentenced Appellant. *See Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa.Super. 2005) (holding where sentencing court had benefit of PSI report, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors).

Moreover, even if Appellant had raised substantial questions, we would affirm on the basis of the trial court's opinion. (*See* Trial Court Opinion, filed July 25, 2016, at 5-6) (finding: sentencing court fashioned sentence that accounted for need to protect public, rehabilitative needs of Appellant, and gravity of Appellant's offenses; Appellant's previous periods of incarceration and probation failed to dissuade him from continuing to commit crimes;

Appellant's three crimes were similar in nature and progressively offensive; despite mitigating factors, Appellant's most recent offense warranted lengthy period of incarceration to break his pattern of behavior and victimization; Appellant required more appropriate sentence to protect community; further, Appellant's sentences were under statutory maximum for those offenses). The record supports the trial court's rationale. **See Hoover, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2017

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION


COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0004540-2013
: CP-51-CR-0004121-2010
v. :
: 1494 EDA 2015
DOUGLASS CASEY :


## OPINION

COVINGTON, J.


CP-51-CR-0004121-2010 Comm. v. Casey, Douglass
Opinion

7476954751

**FILED**

'JUL 2 5 2016

Criminal Appeals Unit
First Judicial District of PA

## PROCEDURAL HISTORY

On August 19, 2010, following a negotiated guilty plea, the defendant was found guilty

on docket CP-51-CR-0004121-2010, of Theft by Unlawful Taking – Movable Property (18

§3921 §§A), and Access Device Fraud (18 §3925 §§A) and was sentenced to nine (9) to twenty

three (23) months incarceration followed by three (3) years probation.

On July 11, 2013, following a negotiated guilty plea, the defendant was found guilty on

docket CP-51-CR-0004540-2013, of Forgery – Alter Writing (18 §4101 §§A1), and sentenced to

three (3) to twelve (12) months. That same day the Court revoked the defendant's probation on

transcript CP-51-CR-0004121-2010, and imposed a new sentence of nine (9) to twenty three (23)

months incarceration followed by two (2) years probation.

A pre-sentence investigation was completed on January 20, 2015. On April 20, 2015,

following a violation of probation hearing, the Court revoked Defendant's probation on both

dockets and resentenced Defendant. On transcript CP-51-CR-0004121-2010, Defendant was

resentenced to two (2) to four (4) years incarceration. On transcript CP-51-CR-0004540-2013,

1

D20

Defendant was resentenced to one (1) to two (2) years incarceration, consecutive to the incarceration sentence on transcript CP-51-CR-0004121-2010. On a transcript not subject to this appeal, CP-51-CR-0009228-2014, Defendant was found guilty of Robbery and sentenced to two (2) to four (4) years incarceration, followed by four (4) years probation.

On May 4, 2015, Defendant filed a post sentence motion to reconsider sentence. On May 18, 2015, the Court denied Defendant's post sentence motion. Defendant filed a timely Notice of Appeal on May 20, 2015. On February 9, 2016, Defendant filed a Statement of Errors pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).


## FACTUAL HISTORY

The facts of the first underlying case, transcript CP-51-CR-0004121-2010, involved the Defendant going to the complaining witness's home in response to a Craig's List ad for a roommate, and proceeding to take the complaining witness's key, wallet, and cellphone. Defendant then used the complaining witness's debit card to make unauthorized purchased.

The facts of the second underlying case, transcript CP-51-CR-0004540-2013, involved Defendant going to a different complaining witness's apartment, engaging in sexual activity, then telling the complaining witness he was only seventeen (17) years old and the complaining witness needed to pay him money for "fooling around."

In the new case, transcript CP-51-CR-0009228-2014, Defendant met another complaining witness on a social media site. Defendant met the complaining witness at his hotel room. Shortly after arriving, Defendant indicated he had a gun and told the complaining witness to perform oral sex on him while he videotaped the act. The complaining witness complied. The Defendant then told the complaining witness that he was underage and that he needed to pay

2

him. The complaining witness gave Defendant money from his wallet. Defendant then forced the complaining witness to go to several ATMs to withdraw more money for him. The complaining witness handed over about three thousand (3,000) dollars to Defendant over the course of the evening. At the final ATM, the complaining witness tried to grab Defendant's phone, and Defendant proceeded to kick and punch him in the head, until he was able to signal for help. *See* Pre-Sentence Investigation.

At the violation of probation hearing, Defendant submitted a pre-sentence social history prepared by Defendant's social worker. This report detailed an extensive history of neglect, sexual abuse, physical abuse, rape, and adolescent trauma. Defendant also had family members and other people to support him at the violation of probation hearing. Counsel further presented evidence that Defendant suffered from a terminal illness.

## STANDARD OF REVIEW

"When reviewing sentencing matters, [an appellate court] must accord the sentencing court great weight as it is in the best position to view defendant's character, displays or remorse, defiance or indifferences, and the overall nature of the crime." *Commonwealth v. Cappellini*, 690 A.2d 1220, 1225 (Pa. Super. 1997) (quoting *Commonwealth v. Viera*, 659 A.2d 1024, 1030 (Pa.Super. 1995). The sentencing function is vested in the sound discretion of the trial court, whose judgment will not be disturbed by an appellate court in the absence of an abuse of discretion. *Commonwealth v. Walls*, 926 A.2d 957, 962 (Pa. 2007).

## DISCUSSION

3

Pursuant to the 1925(b) Statement of Errors Complained of on Appeal, the defendant asserts that the Court imposed a sentence that was excessive in that it far surpassed what was required to protect the public, the complainant or the community, and was well beyond what was necessary to foster Defendant's rehabilitation.

## I.  The Court's Sentence Was Appropriate

"While it is true that [our superior] court and our supreme court have the power and responsibility to vacate a sentence determined to be so manifestly excessive as to constitute too severe a punishment, it is insufficient to simply assert an unduly harsh sentence, the record must show it." *Commonwealth v. De Luca*, 418 A.2d 669, 671 (Pa. Super. 1980) (citing *Commonwealth v. Martin*, 351 A.2d 650 (Pa. 1976)). In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. *Commonwealth v. Pickering*, 533 A.2d 735, 738 (Pa. Super. 1987). "We must constantly recall that when it becomes apparent that the probationary order is not serving the desired end, the court's discretion in imposing a more appropriate order should not be fettered... and we should not be hasty in constraining the discretion of the trial judge." *Id.* (citing *Commonwealth v. Kates* 305 A.2d 701 (Pa. 1973)). The Court fashioned a sentence which took into account the need to protect the public from the defendant, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the citizens of Philadelphia. *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa.Super.2002) (quoting *Commonwealth v. Burkholder*, 719 A.2d 346, 350 (Pa.Super.1998)).

"[The Superior Court's] review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b). *See also*

4

*Commonwealth v. Gheen*, 688 A.2d 1206, 1207 (Pa. Super. 1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Id.* at 1207–1208. Accord *Commonwealth v. Ware*, 737 A.2d 251, 254 (Pa.Super.1999)." *Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006).

In the instant case, it was exceedingly clear that Defendant's previous periods of incarceration and probation failed to dissuade Defendant from continuing to commit crimes. Most troubling, as noted by the Court at the violation hearing, is the similarity of Defendant's three crimes, and the escalation in their magnitude. See N.T. 4/20/2015, p. 26. Defendant began with a simple theft offense, then escalated to lying about his age to trick his victim into giving him money, and then escalating further to using a gun and forcing his victim to not only perform a sex act on camera, but then to make withdrawals from several ATMs. Although Defendant has several mitigating factors, including family support and an unspeakable history of abuse, Defendant's new infraction warranted a lengthy period of incarceration to break the pattern of his behavior and victimization. Defendant's original sentence was not serving its desired end, and a more appropriate sentence was required to protect the community.

Beyond this, Defendant's sentences was substantially under the maximum statutory sentence. Defendant was sentenced to two to four years for the third degree felony theft offense, one to two years for the third degree felony forgery offense, and three months to twenty three months for the first degree misdemeanor access device fraud offense. These sentences were

5

clearly below the statutory maximum of five years for a first degree misdemeanor and seven years for a third degree felony.

## CONCLUSION

For the foregoing reasons, it is respectfully requested the Trial Court's sentence be affirmed.

BY THE COURT:

**Roxanne E. Covington**
**July 25, 2016**

6