J-S17022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDY LEE CHILCOTE | : | |
| | : | |
| Appellant | : | No. 1520 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 26, 2017,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s):  CP-28-CR-0001147-2016.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED SEPTEMBER 10, 2021**

Andy Lee Chilcote appeals from the judgment of sentence imposed after a jury convicted him of various offenses. Upon review, we affirm.

This matter arises from the following facts.  On March 31, 2016, Chilcote was driving on Race Track Road in Franklin County Pennsylvania.  He pulled up to Rodney Walls' parked vehicle and started an argument with him. Chilcote then got out of his car and walked over to Walls' car where he reached into the passenger side and grabbed Carl Biddle's wrist.  Chilcote got back in his car, started driving, erratically, and entered the traffic way to St. Thomas Towing.  Chilcote then hit a moving vehicle, and traveled on across the truck scales and hit a pole on the outside of a building.  When Chilcote got out of

_____

[*] Retired Senior Judge assigned to the Superior Court.

the car, he was acting aggressively and making comments about fighting. Chilcote then grabbed the arm of a bystander, pulled out his genitals and started urinating. Others observed his bizarre actions.

When Trooper Seth Sprague arrived, he saw Chilcote stumbling around and having difficulty maintaining his balance. Chilcote was yelling obscenities in front of a large group of people. Trooper Sprague observed that Chilcote's eyes were glassy and bloodshot. Chilcote told Trooper Sprague that he had smoked a lot of marijuana earlier that day.

Trooper Benjamin Frantz indicated that Chilcote showed signs of impairment and noted that his tongue was green and his breath smelled of marijuana. Chilcote's eyes had little to no reaction to light, and he was sluggish. Chilcote told him that he uses cocaine and heroin. Chilcote was arrested and charged with multiple offenses.

Following trial, a jury convicted Chilcote of one count of DUI, three counts of recklessly endangering another person (REAP), one count of indecent exposure, and one count of disorderly conduct obscene language/gesture. [1] The trial court sentenced Chilcote to an aggregate term of 57-114 months of incarceration. The sentences were imposed consecutively. Chilcote filed a post-sentence motion, which the trial court denied.

_____

[1] 75 Pa.C.S.A. §3802(d)(2), 18 Pa.C.S.A. § §2705, 3127(a), and 5503(a)(3).

Chilcote appealed challenging the discretionary aspects of his sentence. On appeal, this Court found that he waived this issue for failure to include the sentencing transcript in the original record. *Commonwealth v. Chilcote*, 1619 MDA 2019, unpublished memorandum at 13 (May 22, 2020).

Subsequently, Chilcote filed a petition under the Post-Conviction Relief Act[2] seeking reinstatement of his direct appellate rights, which the court granted. This timely appeal followed. Chilcote and the trial court complied with Pa.R.A.P. 1925.

In this appeal, Chilcote raises a single issue for our consideration which again challenges the discretionary aspects of his sentence. This Court has stated that challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). Further, we have explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [Chilcote] preserved his issue; (3) whether [Chilcote]'s brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

---

[2] 42 Pa. C.S.A. §§ 9541-46.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)). Chilcote satisfied the first three requirements of *Colon*.[3] Accordingly, we must determine whether Chilcote raises a substantial question.

In his Rule 2119(f) statement, Chilcote claims that the trial court's imposition of consecutive, rather than concurrent, sentences was unduly harsh, given the nature of the crimes and the length of imprisonment. Chilcote's Brief at 6. This is the only claim raised in his rule 2119(f) statement.[4]

Regarding the imposition of consecutive sentences and whether a substantial question has been raised, this Court has held:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a

---

[3] We note that, although Chilcote did not place this statement under the heading "Statement of Reasons for Allowance of Appeal" or "Rule 2119(f) Statement," his statement fully satisfies the purpose of Rule 2119(f), which is to inform the Court why review of the sentence is proper prior to consideration of the merits and to limit sentencing challenges to exceptional cases. *See*, *e.g, Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*). Compliance with the substance of Rule 2119(f) despite failure to use a separate label is not considered waiver. *Commonwealth v. Pickering*, 533 A.2d 735, 737-38 (Pa. Super. 1987).

[4] In the body of his brief, Chilcote also claims that the trial court double-counted factors already considered in the sentencing guidelines, particularly his prior record. *Id.* at 8-9. While this raises a substantial question, Chilcote failed to include it in his Rule 2119(f) statement, and therefore, we will not consider it.

substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa. Super. 2012)[(*en banc*)].

[An appellant] may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Swope***, 123 A.3d 333, 338-39 (Pa. Super. 2015) (quotations and citations omitted).

Because Chilcote claims that the consecutive sentences were unduly harsh, in light of the nature of his crimes and length of his sentence, we conclude that Chilcote has raised a substantial question. Therefore, we will consider the merits of his sentencing claim.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, we observe that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. ***Commonwealth v. Lloyd,*** 878 A.2d 867, 873 (Pa. Super. 2005). The

Sentencing Code affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. 42 Pa.C.S.A. § 9721; *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005).

Here, we first note that the trial court had the benefit of a pre-sentence report when it sentenced Chilcote. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). The trial court remarked that it considered the pre-sentence report, along with counsel's statements to the court, and the evidence in this case to fashion Chilcote's sentence. N.T., 7/26/17, at 8.

Further, in explaining the basis for its sentence, the trial court acknowledged that its sentence must be consistent with the protection of the public, the gravity of the offense as it related to the impact on the life of the victim and on the community, and Chilcote's rehabilitative needs. The court thoroughly weighed all of these factors. *Id.* at 9. The trial court remarked that Chilcote had a long history of violating the law in varying degrees which spanned 36 years. The trial court also noted that Chilcote was under supervision for almost 16 years, and incarcerated for more than two and one-half years. And, even while incarcerated during the past year, Chilcote repeatedly violated the rules and was found guilty of 19 incidents of

misconduct. *Id.* at 11. From these facts, the trial court concluded: "In short, Mr. Chilcote, you have a complete and utter lack of respect for the laws that govern all of us in our everyday lives." *Id.* The trial court further observed, given the opportunities Chilcote was previously afforded: "What is clearly established before the [c]ourt today and that to the extent you had any rehabilitative needs over the course of your life, you have completely chosen to forfeit them in continuing to violate the law of this Commonwealth." *Id.* at 13. The court stated that "the needs of the public to be free from you, vastly outweigh any other considerations in this case." *Id.*

Finally, before sentencing Chilcote, the trial court noted that the particular offenses in this case were only misdemeanors and were not as severe as others. However, it observed that Chilcote's conduct, which led to his charges, demonstrated extreme behavior. The court concluded that "[Chilcote] is an ever present danger to the law-abiding citizens in the county" and therefore the lengthier sentence it imposed was warranted. *Id.* at 14.

Based upon the deferential standard this Court must apply regarding consecutive sentences and the trial court's rationale for its sentence, we find that the trial court did not abuse its discretion when it imposed consecutive sentences for Chilcote's convictions. Chilcote's sentencing claim merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/10/2021